# EXHIBIT A

Case 3:11-cv-30206   Document 1-1   Filed 08/03/11   Page 2 of 14

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

RECEIVED JUL 05 2011 CITY OF SPRINGFIELD Law Department

COMMONWEALTH OF MASSACHUSETTS

RECEIVED 2011 JUL -5 A 10 43 CITY CLERK'S SPRINGFIELD MA

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 11-539

RAYSHAWN DUKES, ppa_____, PLAINTIFF(S)
By and through Bryan K. Clauson (G.A.L.)
V.                                                   SUMMONS

CITY OF SPRINGFIELD_____, DEFENDANT(S)

To the above named defendant:

You are hereby summoned and required to serve upon ____Bryan K. Clauson (G.A.L.)_____, plaintiff's attorney, whose address is __95 State Street, Suite 308, Spfld, MA 01103__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand eleven.

*Brian Lees*
Brian P. Lees
Clerk / Magistrate

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

Hampden, ss.

Superior Court Department

| | |
|---|---|
| RAYSHAWN DUKES, ppa,<br>  BY AND THROUGH HIS GUARDIAN<br>  AD LITEM, BRYAN K. CLAUSON,<br>         Plaintiff<br><br>v.<br><br><br>CITY OF SPRINGFIELD,<br>         Defendant<br>DR. ALAN INGRAM<br>  IN HIS OFFICIAL CAPACITY AS<br>  SUPERINTENDENT OF THE<br>  SPRINGFIELD PUBLIC SCHOOLS<br>         Defendant<br>MITCHELL D. CHESTER,<br>  IN HIS OFFICIAL CAPACITY AS<br>  COMMISSIONER OF THE MASS.<br>  DEPARTMENT OF ELEMENTARY AND<br>  SECONDARY EDUCATION<br>         Defendant<br>BUREAU OF SPECIAL EDUCATION<br>  APPEALS OF THE MASSACHUSETTS<br>  DEPARTMENT OF EDUCATION,<br>         Defendant<br>ANGELO MCCLAIN,<br>  IN HIS OFFICIAL CAPACITY AS<br>  COMMISSIONER OF THE MASS.<br>  DEPARTMENT OF CHILDREN AND<br>  FAMILIES,<br>         Defendant | CIVIL ACTION NO. 11 539<br><br>**APPEAL FROM ADMINISTRATIVE<br>DECISION OF THE BUREAU OF<br>SPECIAL EDUCATION APPEALS** |

## I.  INTRODUCTION

This action is an appeal from a ruling of the Bureau of Special Education Appeals (hereinafter "BSEA") denying the court appointed Educational Surrogate Parent (hereinafter "ESP") the

right to be represented by counsel on the underlying issues detailed in the original Hearing Request. The appellant asserts that the issue in this case is purely a question of law and is therefore proper to proceed immediately to Summary Judgment.

In the BSEA Hearing Request, the ESP sought an order from the Hearing Officer to compel the three entities: the Department of Elementary and Secondary Education, (hereinafter "DESE"), through its Commissioner, the City of Springfield (hereinafter "Springfield") and the Department of Children and Families (hereinafter "DCF") to provide a funding process through which the ESP could retain counsel, pursuant to Federal and State special education laws, to represent the ESP and the accompanying interests of the ward of the state at a BSEA Hearing.

The Hearing Officer first denied the ESP's motion to Join DESE and the DCF as necessary parties and subsequently denied the ESP's request for DESE, DCF or the Springfield Public Schools to provide a funding process for counsel to be retained. In addition, the Hearing Officer failed to address whether the state regulation 603 CMR 28.07(7)(c) permits the ESP to retain counsel as: 1) a reimbursable expense and 2) related to the ESP's responsibilities as an Educational Surrogate Parent.

In this case, the court appointed ESP has a unique role to act as the parent for a ward of the state, with all of the rights and responsibilities of a parent as it pertains to educational decisions. 34 CFR §300.519.

The ESP seeks an order from this Court to the DESE, to Springfield and to DCF that all three entities, or any one of the entities individually, must ensure that there is a funding process for the ESP to retain counsel to accompany and advise the ESP at a Hearing to address the ward's educational issues[1] (20 USC 1415(h)(1)), a right afforded to all other parents but denied to the ESP solely because the child is a ward of the state. While the ESP or a foster parent could theoretically retain counsel for the ward, foster children cannot be dependent upon the financial abilities of the foster parents or, in this case the court appointed educational surrogate, to fulfill the rights accorded parents and children pursuant to special education laws.

Issues on Appeal

A.  Whether one or all three Defendant agencies are responsible to ensure that there is a funding mechanism for the ESP to retain counsel to accompany and advise the ESP at a BSEA Hearing, the same right afforded all parents for children who are not wards of the state. 20 U.S.C. §1415(h).

---

[1] As noted in the ESP's supplemental argument to the BSEA, a parent may assert their own rights at a BSEA Hearing as well as any rights of the child. Maroni v. Plymouth School District, 346 F.3d 247 (1st Cir.2003); see also Winkelman v. Parma School District, 550 U.S. 516, 527-528 (2007)(Parents enjoy enforceable rights at the administrative stage.)

3

B.  Whether 603 CMR 28.07(7)(c) permits the ESP to retain counsel to assist the ESP in filing a BSEA Hearing Request, as a "reasonable expense" related to his responsibilities as the educational surrogate parent for the child.

## II. JURISDICTION

Jurisdiction is premised on M.G.L. Chapter 214, §1, 20 U.S.C. §1415(i)(2), 42 U.S.C. §1983 and 42 U.S.C. §1988.

## III. PARTIES

1.  Plaintiff, Rayshawn Dukes, by and through his GAL/ESP Bryan Clauson, Esquire, is a natural citizen of Massachusetts, permanently in the custody of the Department of Children and Families.

2.  Defendant, Bureau of Special Education Appeals of the Department of Education, is the State Agency responsible for conducting hearing and maintaining the record of proceedings pursuant to 20 U.S.C. §1400 et. seq. and Massachusetts special education statute M.G.L. c.71B and Massachusetts Administrative Procedures Act M.G.L. c.30A.

3.  Defendant, Chester Mitchell, is the Commissioner of the Department of Elementary and Secondary Education for the Commonwealth of Massachusetts.

4.  Defendant, City of Springfield, Massachusetts, through its agent, Superintendent Alan Ingram, is the town or

4

Case 3:11-cv-30206   Document 1-1   Filed 08/03/11   Page 7 of 14

municipality which is charged with ensuring that the School District complies with all federal and state special education laws and regulations.

5. Defendant, Dr. Alan Ingram, Superintendent of Schools, in his official capacity, is charged with managing the Springfield Public Schools consistent with state and federal laws and regulations.

6. Defendant Angelo McClain, in his official capacity, is charged with oversight to ensure that the needs of the children in foster care, including the child's educational needs are properly met.

## IV. FACTUAL ALLEGATIONS

Historical Facts From the Hearing Request

1. Rayshawn Dukes, D.O.B. ▓▓▓▓1994, is a 17 year old student in Springfield, MA. [Hearing Request, p.3].

2. Rayshawn is in the permanent custody of the DCF. [BSEA Ruling, p.2].

3. Since at least the 5th grade, Rayshawn has been excessively truant from school and has made very poor progress. [Hearing Request, p.3].

4. In the summer of 2010, the DCF placed the child in a residential facility due primarily to his truancy and running away from foster homes. [Hearing Request, p.6].

5. The ESP again requested that the School evaluate the child to determine whether the child's truancy is related to his disability and if so, address the issue through the child's IEP. [Hearing Request, p.4].

6. After his return to Springfield from the residential facility, Rayshawn again was "on the run" for extended periods of time. [Hearing Request, p.4].

7. While Springfield agreed to conduct an evaluation of the child after the ESP's complaint to DOE, Springfield again refused to permit the Team to make a determination of whether the child's truancy is related to his disability. [Hearing Request, p.5].

8. Despite a Federal Ruling against Springfield on the exact issue [see Quetzal Doe v. Springfield, affirmed, C.A. 08-CV-30132-MAP (June 2009)], Springfield refused and continues to refuse to permit the child's special education Team to make a determination whether the child's truancy is "related to his disability". [Hearing Request, p.7].

9. Prior to filing the BSEA Hearing request, the ESP agreed to mediation through a BSEA mediator, Susan Singleton. Springfield would not agree to allow the Team to make the determination pursuant to or after the mediation. [Hearing Request, p.6].

10. Again, before filing the Hearing Request to obtain counsel, the ESP requested of all three defendant entities that the

6

agencies provide a funding mechanism whereby the ESP can retain counsel to file and litigate the BSEA Hearing Request regarding the special education issue.

11. All three defendant agencies denied any responsibility whatsoever indicating that a foster parent or ESP for a ward of the state would have to use their personal resources if the ESP wants to retain counsel. [Hearing Request, p.7-8].

12. On January 11, 2011, the ESP filed a Hearing Request to obtain counsel to assist the ESP with filing and litigating the underlying issue at a BSEA Hearing.

13. The Hearing Officer ruled on April 12, 2011 that none of the Defendants have any responsibility to ensure that there is a funding mechanism for an ESP, for a ward of the state, to retain counsel as indicated in the Federal Law. 20 U.S.C. §1415(h)(1), et. seq.

14. The Hearing Officer failed to address whether the state special education regulation 603 CMR 28.07(7)(c) applies to the ESP's retention of counsel as a reasonable expense related to his responsibilities as the child's ESP.

7

### V.  PLAINTIFFS' CLAIMS

15. The Plaintiff hereby incorporates by reference each and every preceding paragraph with the same force and effect as if set forth herein.

16. Federal Law 20 U.S.C. §1415(h) specifically affords all parents the right to be accompanied and assisted by counsel. By ruling that there is no right to public funding of the federal right, the Hearing Officer shifts the burden to protect the child's educational rights to the personal, individual ability of the foster parent or ESP to fund retention of an attorney.

17. State Law 603 CMR 28.07(7)(c) specifically provides that the ESP shall be reimbursed by the Local Educational Agency for all reasonable expenses related to the ESP's responsibilities to the child in state custody. The retention of an attorney is unarguably a reasonable expense related to the responsibilities of the ESP where all other parties retain counsel for the same purpose. The Hearing Officer failed to address the state regulation.

18. The ESP would almost certainly become a witness in a Hearing on the underlying merits creating a very difficult situation for proper litigation if the ESP is denied an opportunity to the assistance of counsel.

19. Federal and state laws and regulations clearly do not require the foster parent or ESP to privately fund the

8

Case 3:11-cv-30206   Document 1-1   Filed 08/03/11   Page 11 of 14

retention of an attorney where the sole reason the foster parent or ESP is appointed is to ensure that the rights of a child in state custody are protected.

20. If the DESE and Local Educational Agency refuse to provide a funding mechanism to protect the child's educational rights, the DCF is required to provide such funding where the child is in state custody.

21. As a direct and proximate result of the conduct of the Defendants' failure to provide a proper funding mechanism for the ESP to retain counsel, the Plaintiff (and all other foster parents) must either privately fund the retention of counsel or file a Hearing Request on the underlying issues and attempt to litigate the issues knowing he is likely to be called as a witness.

22. The issue before the Court is purely a matter of law and should be decided by Summary Judgment on the materials provided by the BSEA, including the ESP's Opposition to the Motions to Dismiss and the ESP's Supplemental Argument Opposing Springfield's Motion to Dismiss at the BSEA.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court:

1. Order the Defendant, Bureau of Special Education Appeals of the Department of Education, to provide a complete copy of

Case 3:11-cv-30206   Document 1-1   Filed 08/03/11   Page 12 of 14

the record to the Superior Court pursuant to 20 U.S.C. §1415(i)(2)(c).

2. Retain jurisdiction but remand to the BSEA Hearing Officer to rule, on an expedited basis, whether the ESP's retention of an attorney is a "reasonable expense" within the meaning of state special education regulation 603 CMR 28.07(7)(c).

3. Schedule this matter at the earliest possible date for Summary Judgment based upon all of the motions, oppositions and other materials provided to the BSEA by the parties.

4. Enter an Order to the DESE that the agency shall immediately provide a funding process to comply with Federal Law and State special education laws for the ESP to retain counsel to file and litigate a Hearing Request on behalf of the ward of the state.

5. Enter an Order to the DCF that the agency shall immediately provide a funding process to comply with Federal Law and state special education laws for the ESP to retain counsel to file and litigate a Hearing Request on behalf of the ward of the state.

6. Enter an Order to the City of Springfield, that the Local Educational Agency, Springfield Public Schools, shall immediately provide a funding process to comply with Federal Law and State special education laws for the ESP to retain counsel to file and litigate a Hearing Request on behalf of the ward of the state.

7. Grant the G.A.L. reasonable attorney fees in the Superior Court action and BSEA Hearing Request pursuant to 42 U.S.C. Section 1983 and 1988 where the Defendants have forced the Plaintiff to either proceed as both G.A.L. and counsel or personally finance the retention of an attorney.

8. Grant such further relief as the Court deems just and proper.

Respectfully submitted,
Rayshawn Dukes,
By and through his Educational Surrogate Parent

June 24, 2011

*Bryan K. Clauson, Esq.*
Bryan K. Clauson, Esq.
95 State Street, Suite 701
Springfield, MA 01103
BBO# 645879
(413) 781-7611

Case 3:11-cv-30206 Document 1-1 Filed 08/03/11 Page 14 of 14

Commonwealth of Massachusetts
County of Hampden
The Superior Court

CIVIL DOCKET# **HDCV2011-00539-B**

RE: Dukes PPA v Springfield et al

TO: Bryan K Clauson, Esquire
95 State Street
Suite 701
Springfield, MA 01103

## TRACKING ORDER - X TRACK
(Administrative Agency Appeal - 30A)

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

For claims filed pursuant to G.L. c. 30A, sec. 14, G.L. c. 249, sec. 4 or similar statutes, please also refer to Superior Court Standing Order 1-96 and the tracking deadlines set forth in that Order. In particular, note that a request for a copy of the transcript of the agency hearing testimony must be made by a party within thirty (30) days after service of the Complaint. The administrative agency whose proceedings are to be judicially reviewed shall, by way of answer, file the original or certified copy of the record of the proceeding under review (the record) within ninety (90) days after service of the Complaint. In addition, a motion pursuant to Mass. R. Civ. P. 12(c) for judgment on the pleadings and supporting memorandum shall be served within thirty (30) days of the service of the record or of the Court's decision on any motion specified in paragraph 3 of Superior Court Standing Order 1-96, whichever is later.

| STAGES OF LITIGATION | DEADLINES |
| --- | --- |
| Service of process made and return filed with the Court by | 09/22/2011 |
| case shall be resolved and judgment shall issue by 06/18/2012. | 06/18/2012 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 06/27/2011

Brian P. Lees
Clerk of the Court

Location: Courtroom 4 - 3rd Fl (50 State St.,Springfield)
Telephone: 413 735-6017