UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
BRYAN K. CLAUSON, in his         )
capacity of Guardian Ad          )
Litem for R.D.,                  )
        Plaintiff                )
                                 )
             v.                  )  C.A. NO. 11-cv-30206-MAP
                                 )
CITY OF SPRINGFIELD., ET AL.,    )
        Defendants               )
```

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION WITH REGARD TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
STATE DEFENDANTS' CROSS-MOTION TO DISMISS
OR FOR SUMMARY JUDGMENT
(Dkt. Nos. 5, 19, & 22)

March 22, 2012

PONSOR, U.S.D.J.

Magistrate Judge Kenneth P. Neiman's careful analysis of the issues raised by Plaintiff's Motion for Summary Judgment and State Defendants' Cross-Motion to Dismiss or for Summary Judgment renders lengthy discussion unnecessary.

Upon de novo review, Plaintiff's Motion for Summary Judgment (Dkt. No. 5) is hereby DENIED as to Defendant Mitchell D. Chester in his official capacity as Commissioner of the Massachusetts Department of Elementary and Secondary Education ("DESE"), and as to Defendant Angelo McClain, in his official capacity as Commissioner of the Massachusetts Department of Children and Families ("DCF"). The Cross-Motion filed on behalf of these two Defendants (Dkt. No. 19)

is, upon <u>de novo</u> review, hereby ALLOWED.  As Judge Neiman's Report and Recommendation makes clear, there is simply no authority under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, to fund the retention by an educational surrogate parent of counsel for a hearing before the Bureau of Special Education Appeals ("BSEA").

As Judge Neiman noted, an issue still remains, however, as to whether funds for counsel may be considered a "reasonable expense" under 603 Mass. Code Regs. 28.07(7)(c). It is appropriate, therefore, that this issue be remanded for further consideration before the BSEA Hearing Officer. Judge Neiman's approach received further support after his Report and Recommendation issued, when Defendant Chester filed a notice of DESE's intention to issue sub-regulatory guidance with regard to this provision.

With this in mind, the court, upon <u>de novo</u> review, hereby ADOPTS Judge Neiman's Report and Recommendation (Dkt. No. 22).  Plaintiff's Motion for Summary Judgment with regard to the City of Springfield, Dr. Alan Ingram, in his official capacity as Superintendent of the Springfield Public Schools, and the Bureau of Special Education Appeals of the Massachusetts Department of Education is hereby DENIED, but without prejudice.  Plaintiff's claims against these three entities are hereby ordered REMANDED to the BSEA

Hearing Officer for consideration as to whether attorney's fees may be considered a "reasonable expense" under the applicable Massachusetts regulations when requested by an educational surrogate parent in the circumstances of this case.

In sum, and at the risk of repetition, the Report and Recommendation of Magistrate Judge Neiman (Dkt. No. 22) is hereby ADOPTED in its entirely, upon de novo review. Plaintiff's Motion for Summary Judgment (Dkt. No. 5) is hereby DENIED as to Defendants Chester and McClain in their official capacities, and DENIED without prejudice as to Defendants City of Springfield, Ingram, and the BSEA. State Defendants' Cross-Motion to Dismiss or for Summary Judgment (Dkt. No. 19) is hereby ALLOWED as to Defendants Chester, in his official capacity as Commissioner of the DESE, and McClain, in his official capacity as Commissioner of the DCF.

This case may be administratively closed pending proceedings on remand.

It is So Ordered.

                                          /s/ Michael A. Ponsor
                                          MICHAEL A. PONSOR
                                          U. S. District Judge